IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TISHA HENDERSON,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:24-CV-1587-S-BW |
| PRESIDENT DONALD TRUMP,<br>　　　　Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is the *Complaint*, received on June 25, 2024. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action with prejudice as frivolous.

## I. BACKGROUND

On June 25, 2024, Henderson filed a pro se complaint against former President Donald Trump. (Dkt. No. 3.) The entirety of her complaint states: "Illegal human experimentation done since 2020 and also illegal stalking and har[ ]assment done by the government." (*Id.* at 1.)

Since March 21, 2024, Henderson has filed 14 actions against current and former presidents and other officials and municipalities, in which she presents fantastic and delusional allegations. Three of the 13 actions—excluding this one—

---

[1] By *Special Order No. 3-251*, this pro se has been automatically referred for full case management. By *Special Order No. 3-354*, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 9.)

were filed against former President Trump; Henderson voluntarily dismissed one of them, and the remaining two similarly allege fanciful allegations. *See Henderson v. Trump*, No. 3:24-CV-1241-D-BK (N.D. Tex.) (voluntarily dismissed); *Henderson v. Trump*, No. 3:24-CV-1416-G-BK (N.D. Tex.) (alleging that she has "illegally been hearing people," that the government has been illegally reading and questioning her mind, and that illegal, false confessions have been made); *Henderson v. Trump*, No. 3:24-CV-1670-D-BT (N.D. Tex.) (alleging illegal stalking and harassment by the government, "illegally hearing people," and illegal control of her brain and eyesight).

While this action was pending, the Court issued Henderson a sanction warning in another matter cautioning her that if she persisted in filing frivolous or baseless lawsuits, or actions over which this Court lacks jurisdiction, monetary sanctions may be imposed, she may be barred from bringing any new action, or she may be subject to other sanctions that the Court deemed appropriate. *See Henderson v. Obama*, No. 3:24-CV-1301-D-BK (N.D. Tex. June 28, 2024). Undeterred, Henderson filed multiple subsequent actions, and now has been barred from filing future actions in this or any other federal court without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which she is the plaintiff, should not be reviewed by the Court. *See Henderson v. Biden*, No. 3:24-CV-1451-N-BK (N.D. Tex. July 3, 2024); *Henderson v. Biden*, No. 3:24-CV-1667-X-BK (N.D. Tex. July 8, 2024).

## II. ANALYSIS

Henderson's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute authorizes the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33 (internal citations and quotation marks omitted).

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Henderson has failed to state a viable legal claim or anything that can be construed as such. Further, just as the flurry of frivolous complaints filed by Henderson in this district in recent months, her single sentence of factual contentions here is fanciful and incredible, and thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Consequently, Henderson's complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a pro se plaintiff should be granted leave to amend the complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As the Court has explained, Henderson has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Henderson could allege cogent and viable legal claims. The Court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

The Court should **DISMISS** this action with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Further, Henderson should be advised that, as discussed above and reiterated here, she has been barred by this Court from filing future actions in this or any other federal court without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which she is the plaintiff, should not be reviewed by the Court. *See Henderson*, No. 3:24-CV-1451-N-BK (N.D. Tex. July 3, 2024); *Henderson*, No. 3:24-CV-1667-X-BK (N.D. Tex. July 8, 2024). To obtain leave to file, Henderson must file an "Application Pursuant to Court Order Seeking Leave to File" with a copy of the proposed complaint and certify that: (1) the claim or claims presented have never been raised and disposed of on the

4

merits by any federal court; and (2) the claim or claims are not frivolous or taken in bad faith. Additionally, any application seeking leave to file must either cite to or affix a copy of any of this Court's sanction orders.

**SO RECOMMENDED** on September 17, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).